UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Michael Huffington,<br><br>      Plaintiff,<br><br>v.<br><br>TC Group, L.L.C., The Carlyle Group,<br>Carlyle Capital Corporation, Ltd., Carlyle<br>Investment Management L.L.C., and David<br>M. Rubenstein,<br><br>      Defendants. | Civil Action No: 09-cv-11256 |

### JOINT STATEMENT OF PARTIES
### UNDER LOCAL RULE 16.1(D)

The parties hereby submit, pursuant to Local Rule 16.1(D), Fed. R. Civ. P. 26(f), and the Notice of Scheduling Conference dated September 28, 2009, this Joint Statement:

**I.    Discovery and Motions Schedule**

Defendants TC Group, L.L.C., The Carlyle Group, Carlyle Investment Management L.L.C., and David M. Rubenstein's pending motions to dismiss for improper venue and for lack of standing and failure to state a claim are scheduled for oral argument on December 14, 2009. Defendant Carlyle Capital Corporation, Ltd. ("CCC, Ltd.") has not yet answered or otherwise responded to the complaint in this action, and its time to do so was extended by the Court until after disposition of the pending motions to dismiss. In the event that the pending motions are denied in whole or in part, CCC Ltd. continues to reserve all rights to respond to the complaint, including without limitation its right to seek a stay of this proceeding. Discovery and the deadlines listed below shall be stayed with respect to CCC, Ltd. until such time as the Court rules upon any responsive motion filed by CCC, Ltd.

In light of the foregoing, the parties propose the following dates for discovery and dispositive motions:

| **Event** | **Timing** |
|---|---|
| Initial Disclosures under Fed. R. Civ. P. 26(a)(1). | Thirty (30) days after the Court issues a decision on the pending motions to dismiss for improper venue and for lack of standing and failure to state a claim. |
| Service by parties of first request for documents and first set of interrogatories | Thirty (30) days after the parties serve their initial disclosures under Fed. R. Civ. P. 26(a)(1). |
| Responses to first document requests and interrogatories completed, except requests or interrogatories made in response to subsequently received discovery | Thirty (30) days after the parties serve their first requests for documents and first of interrogatories. |
| Fact depositions and any additional fact discovery concluded. | Six (6) months after the parties serve their responses to the parties' first document requests and first set of interrogatories. |
| Plaintiff's expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). | Thirty (30) days after the conclusion of all fact discovery. |
| Depositions of plaintiff's expert witnesses. | Forty-five (45) days after the service of plaintiff's Fed. R. Civ. P. 26(a)(2) disclosures. |
| Defendants' expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). | Thirty (30) days after the completion of depositions of plaintiff's expert witnesses. |
| Depositions of defendants' expert witnesses. | Forty-five (45) days after service of defendants' expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2). |
| Dispositive motions filed, including but not limited to summary judgment motions. | No later than sixty (60) days after the completion of fact and expert discovery. |
| Oppositions to dispositive motions (including supporting memoranda, | Thirty (30) days after filing and service of |

| Event | Timing |
|---|---|
| affidavits, etc.) filed and served. | dispositive motions. |
| Reply briefs, if leave is granted, to be filed and served. | Fifteen (15) days after filing and service of oppositions to dispositive motions. |
| Final Pre-trial Conference. | Sixty (60) days after the Court issues a decision on motions for summary judgment or, if no summary judgment motions are filed within the time prescribed above, then sixty (60) days after the time to file such motions had expired. |

## II.  Nature and Number of Written Discovery Requests

The parties agree that the nature and number of interrogatories, requests for admissions, and requests for the production of documents shall be governed by Local Rule 26.1(C). For purpose of clarity, "each side (or group of parties with a common interest)" means that defendants TC Group, L.L.C., The Carlyle Group, Carlyle Investment Management L.L.C., and David M. Rubenstein shall constitute a "side," defendant Carlyle Capital Corporation, Ltd. shall constitute a "side," and plaintiff Michael Huffington shall constitute a "side."

## III.  Amendments to the Pleadings/Joinder of Additional Parties

The parties disagree about these deadlines. Counsel for the Plaintiff has requested until the end of discovery to submit amendments to the pleadings, including the joinder of additional parties. Counsel for all defendants submit that such amendments should be filed only with leave of Court for good cause shown and that such leave should be sought no later than thirty (30) days after the Court's decision on the pending motions to dismiss.

3

IV. **Settlement Conference**

The parties other than CCC, Ltd. consent to a settlement conference before the Court at time to be determined by the Court in its discretion. Counsel for CCC, Ltd. is awaiting input from its client on this topic.

V. **Alternative Dispute Resolution**

The parties other than CCC, Ltd. do not consent to alternative binding dispute resolution but are open to considering non-binding dispute resolution. Counsel for CCC, Ltd. is awaiting input from its client on this topic.

VI. **Certifications**

Certifications of each counsel and party that each party and counsel have conferred concerning matters of budget, cost and alternative dispute resolution programs in accordance with Rule 16.4 are being filed by each party separately.

Respectfully submitted,

| | |
|---|---|
| MICHAEL HUFFINGTON | TC GROUP, L.L.C., THE CARLYLE GROUP, CARLYLE INVESTMENT MANAGEMENT L.L.C., and DAVID M. RUBENSTEIN, |
| By his attorneys, | By their attorneys, |
| /s/ Edward F. Whitesell | /s/ Michael B. Galvin |
| Paul V. Curcio (BBO #545554)<br>Philip Y. Brown (BBO #552366)<br>Edward F. Whitesell (BBO #644331)<br>Rory Z. Fazendeiro (BBO #648334)<br>ADLER POLLOCK & SHEEHAN, P.C.<br>175 Federal Street<br>Boston, MA 02110<br>(617) 482-0600<br>pcurcio@apslaw.com<br>pbrown@apslaw.com<br>ewhitesell@apslaw.com<br>rfazendeiro@apslaw.com | Kathy B. Weinman (BBO No. 541993)<br>Michael B. Galvin (BBO No. 630515)<br>William A. Haddad (BBO No. 659829)<br>DWYER & COLLORA, LLP<br>600 Atlantic Avenue<br>Boston, MA 02210<br>(617) 371-1000<br><br>Robert A. Van Kirk (admitted *pro hac vice*)<br>Nicholas J. Boyle (admitted *pro hac vice*)<br>Vidya A. Mirmira (admitted *pro hac vice*)<br>Sarah F. Teich (BBO No. 667300)<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street NW<br>Washington DC 20005<br>(202) 434-5000<br>rvankirk@wc.com |
| | CARLYLE CAPITAL CORPORATION |
| | By its attorneys, |
| | /s/ Patrick P. Dinardo |
| | Patrick P. Dinardo (BBO No. 125250)<br>Pamela S. Holleman (BBO No. 639659)<br>Kevin Marcus Colmey (BBO No. 674427)<br>Sullivan & Worcester LLP<br>One Post Office Square<br>Boston, MA 02109<br>(617) 338-2800<br>pdinardo@sandw.com |

Dated: December 7, 2009

## CERTIFICATE OF SERVICE

 The undersigned counsel hereby certifies that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 7, 2009.

               /s/ William A. Haddad

Dated: December 7, 2009